IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Lewis T. Babcock

Civil Action No. 10-cv-01260-LTB
(Criminal Action No. 04-cr-00403-LTB

UNITED STATES OF AMERICA,

v.

LILIAN GALVAN,

    Movant.

## ORDER

Originally, Ms. Lilian Galvan, acting *pro se*, filed a pleading titled "Verified § 2255 Habeas Petition to Vacate Judgment of Conviction & Set Aside Sentence." On June 8, 2010, I denied the Motion as barred by the one-year limitation period set forth in 28 U.S.C. § 2255(f). On July 1, 2010, Ms. Galvan filed a Motion for Reconsideration, asserting that because the United States Supreme Court denied her request for an extension of time to file a petition for writ of certiorari on May 27, 2009, her § 2255 Motion was timely filed on May 25, 2010. I denied Ms. Galvan's Motion for Reconsideration on July 2, 2010. Subsequently on August 2, 2010, Ms. Galvan filed a Second Motion for Reconsideration or in the Alternative for a Certificate of Appealability. The Court must construe the Second Motion for Reconsideration liberally because Ms. Galvan is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall*

*v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, I will deny the Motion.

A trial jury found Ms. Galvan guilty of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine under 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A)(ii)(II); of interstate travel in aid of racketeering enterprise, to wit, distribution and possession with intent to distribute more than five kilograms of cocaine, under 18 U.S.C. § 1952(a)(3)(A); use of a telephone to facilitate conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine under 21 U.S.C. § 843(b) and (d); and distribution and possession with intent to distribute five kilograms or more of cocaine and aiding and abetting under 21 U.S.C. § 841(a(1) and (b)(1)(A)(ii(II); 18 U.S.C. § 2. On January 4, 2007, Ms. Galvan was sentenced to 121 months of incarceration. Ms. Galvan's conviction and sentence were affirmed on direct appeal, and her petition for certiorari review to the U.S. Supreme Court was denied on April 27, 2009, (*see* Doc. No. 1405) finalizing her conviction and sentence. Ms. Galvan did not file the instant action until at the earliest May 25, 2010, when she dated and signed the § 2255 Motion (*see* Doc. No. 1447).

As I stated in the June 8 Order, under 28 U.S.C. § 2255, a one-year limitation period applies to motions to vacate, set aside, or correct a federal sentence.

> The limitation period shall run from the latest of–
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant

>was prevented from making a motion by such governmental action;
>
>(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In the Second Motion for Reconsideration, Ms. Galvan claims that under § 2255(f)(4) her § 2255 Motion is timely because she did not discover until the fall of 2009, while she was in prison, that trial counsel had a duty to consult with her about her right to file a motion to dismiss the indictment before agreeing to enter into a plea agreement. (Sec. Mot. at 3.) Ms. Galvan does not identify any facts that she could not have discovered at the time of her conviction, she points only to a law that she did not discover until the fall of 2009. The availability of a § 2255(f)(4) limitations period is expressly limited to cases where facts not law are newly discovered. Under § 2255 and controlling precedents, "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing" of a § 2255 motion. *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (citation omitted). Accordingly, it is

ORDERED that Ms. Galvan's Second Motion for Reconsideration (Doc. No. 1454) is DENIED. It is

FURTHER ORDERED that the Clerk of the Court shall process Ms. Galvan's Motion for a Certificate of Appealability (Doc. No. 1454) as a notice of appeal.

DATED at Denver, Colorado, this   18th   day of   October  , 2010.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court